IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-30074 |
| ) | |
| OMAR HERNANDEZ-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is the Government's Motion to conduct a hearing into Defense Counsel's possible conflict of interest representing the Defendant.

The Court granted the motion and conducted a hearing.

The Government moved to conduct a hearing under Rule 44(c) of the Federal Rules of Criminal Procedure to consider the disqualification of Defense Counsel due to a possible conflict of interest. Attorney Daniel L. Fultz currently represents Omar Hernandez-Lopez, the Defendant. In July 2018, at the request of the Defendant, Mr. Fultz and his firm, Brown, Hay and Stephens represented Carlos Tress-Fuentes, on a traffic matter in Sangamon County Circuit Court, Case Number 2018-TR-018144. Mr. Tress-Fuentes previously performed work for the Defendant. Mr. Tress-

1

Fuentes, who was present at the hearing and was represented by Assistant Federal Defender Robert Scherschligt, will be called by the Government as a witness at trial.

ABA Model Rule 1.6 states "a lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."

Rule 44(c) of the Federal Rules of Criminal Procedure requires the court to inquire about the propriety of joint representation and personally advise each defendant, in a joint representation context, of the right to the effective assistance of counsel, including separate representation.

The Government's motion states that the Government has been informed that the Defendant, Mr. Hernandez-Lopez, and Mr. Tress are willing to waive any potential conflict of interest.

At the hearing on November 4, 2021, the Court questioned Mr. Hernandez-Lopez concerning his knowledge that Mr. Fultz, in 2018, represented Carlos Tress-Fuentes, who will be testifying in this case as a witness for the Government.

Mr. Hernandez-Lopez stated that he understood a potential conflict of interest existed because his attorney previously represented a Government witness. When questioned by the Court, Mr. Hernandez-Lopez agreed to waive any potential conflict of interest.

The Court also questioned Government witness Mr. Tress-Fuentes about the potential conflict of interest. Mr. Tress-Fuentes confirmed that he understands Mr. Fultz is now representing Mr. Hernandez-Lopez. When questioned by the Court, Mr. Tress-Fuentes waived any conflict of interest that may exist due to Mr. Fultz's prior representation of him.

Accordingly, the Court conducted a hearing under Rule 44(c) to consider the disqualification of counsel. Both Defendant Omar Hernandez-Lopez and Government witness Carlos Tress-Fuentes waived any potential conflict of interest that may exist due to Defense Counsel's representation of both individuals at different times. Accordingly, the Court has no basis to disqualify Mr. Fultz as Defense Counsel.

Ergo, the Government's motion to conduct hearing under Rule 44(c) of the Federal Rules of Criminal Procedure to consider the disqualification of Defense Counsel [d/e 36] is GRANTED.

A hearing was conducted and any potential conflict of interest was waived.

ENTER: November 8, 2021

    FOR THE COURT:

                          /s/ *Richard Mills*
                          Richard Mills
                          United States District Judge